## In re Shapiro

Disciplinary Board Docket no. 74 D.B. 1989.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GEPHART, *Member,* February 27, 2006—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On January 10, 2005, David E. Shapiro filed a petition for reinstatement to the bar of the Supreme Court of Pennsylvania. Petitioner was suspended for five years, retroactive to July 25, 1989, by order of the Supreme Court of Pennsylvania dated April 28, 1994. Office of Disciplinary Counsel filed a response to petition for reinstatement on March 9, 2005, stating that it did not oppose reinstatement.

A reinstatement hearing was held on April 29, 2005, before a District I Hearing Committee comprised of Chair Steven M. Steingard, Esquire, and Members George D. DiPilato III, Esquire, and Andrew S. Miller, Esquire. Petitioner appeared pro se.

The Hearing Committee filed a report on August 11, 2005 and recommended that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting on September 12, 2005.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is David E. Shapiro, who was born in 1948 and was admitted to practice law in the Common-

wealth in 1972. His address is 1715 A Tracey Street, Philadelphia PA 19115.

(2) Petitioner was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated April 28, 1994, for a period of five years retroactive to July 25, 1989.

(3) Prior to petitioner's suspension, he practiced commercial law and white-collar criminal defense. Petitioner sub-specialized in defending tax prosecutions.

(4) The misconduct underlying petitioner's suspension was his conviction of mail fraud, wire fraud, transferring and concealing property of a bankrupt estate, willful failure to pay tax, willful failure to file tax returns, and aiding and abetting.

(5) Petitioner was sentenced to a term of incarceration of two years. He served 10 months of incarceration at Allenwood Prison and was released on October 1, 1990. Petitioner was on probation until May 30, 1995, when Judge Bechtle granted petitioner's motion for early termination of probation.

(6) Petitioner filed his first petition for reinstatement on August 3, 1994. The Supreme Court denied the petition on March 20, 1997.

(7) On February 4, 1999, petitioner filed a second petition for reinstatement, but withdrew it without prejudice on April 6, 1999.

(8) Petitioner filed his third petition for reinstatement on May 23, 2000.

(9) The Disciplinary Board by report filed on June 7, 2002, recommended that the petitioner be denied rein-

statement, as the board was not persuaded that he had shown a good faith effort in addressing his tax liability.

(10) By order dated August 8, 2002, the Supreme Court accepted the board's recommendation.

(11) Petitioner filed the instant petition on October 27, 2004.

(12) Office of Disciplinary Counsel completed its investigation and advised the board on March 7, 2005 that it did not oppose the petition for reinstatement.

(13) Disciplinary Counsel found that following an extensive investigation of all petitioner's evidence concerning the tax issue, the documents corroborated that there has been a good faith effort, and continues to be a good faith effort, on Petitioner's part to address his tax liability.

(14) Petitioner is sincerely remorseful for his past misconduct and has rehabilitated himself.

(15) Petitioner no longer suffers from the mental or emotional disturbances he had previously demonstrated, and for which he had been recommended treatment.

(16) Petitioner has learned to confront and deal with the factors that contributed to his previous behavior patterns and his misconduct.

(17) Petitioner fulfilled his Continuing Legal Education requirements for reinstatement and kept up his currency in the law. Since the last reinstatement attempt in 2000, petitioner has read criminal law opinions from the Supreme Court of the United States, the Third Circuit and the Eastern District of Pennsylvania.

(18) Petitioner paid all costs to the Disciplinary Board associated with his prior discipline and reinstatement matters.

(19) In light of petitioner's limited income and financial ability, he has exercised good faith and dedication in putting his financial affairs in order.

(20) Between 1990 and 2004, petitioner operated Full Court Press Litigation Support Services. This business stopped functioning in 2004.

(21) From June 2000 to the present, petitioner has made a diligent effort to increase the income of his business, and to seek and obtain full-time employment in either a legal or non-legal capacity.

(22) Petitioner started working full-time as a sales consultant for Brandow Autogroup Inc., on June 1, 2004. He is compensated totally on a commission basis. Petitioner's W-2 form attached to his federal income tax return establishes that total compensation from that employment for 2004 was $12,602.80.

(23) Petitioner has not been and is not currently in a financial position to pay off his federal income tax liability. As of the date of the hearing, there were tax liens exceeding two million dollars recorded against petitioner.

(24) From 1995 to the date of the hearing, other than recording those liens, the IRS has taken no steps to collect any part of petitioner's outstanding obligation. The IRS has declared the liability uncollectible due to petitioner's financial situation.

(25) In March 2004, petitioner made a new Offer in Compromise to the IRS and agreed to several additional amendments to the offer.

(26) As part of his now pending Offer in Compromise with the IRS, petitioner provided a submission to the IRS Commissioner entitled *A Plea to the Commissioner for Relief*. In that submission, petitioner expressed remorse directly to the IRS for his antagonistic treatment of IRS agents when petitioner was a practicing attorney, for his past misconduct, and for not being able to pay.

(27) Pursuant to the pending offer, at the request of the IRS, petitioner agreed to pay $23,000 to be paid as follows: $2,500 within 90 days of receipt of written notice or acceptance; then starting in the month following acceptance, $255 per month on the fifteenth day of the month for 23 months; and, finally, $14,000 on the fifteenth day of the twenty-fourth month.

(28) Petitioner's failure to pay the IRS more money than he has paid is due to his inability to pay, rather than intent not to pay.

(29) Prior to and since, petitioner's first Offer in Compromise was rejected by the IRS on July 7, 2000, and in light of petitioner's limited income and resources, he has exercised good faith and dedication in addressing his liability to the IRS, and in attempting to negotiate a compromise.

(30) In petitioner's Commitment to the Supreme Court, the Bar and the Public (contained in exhibit 20-21A, tab 3), petitioner states that if the IRS does not enter into an Offer in Compromise with petitioner, he will pay to the IRS on a monthly basis 5 percent of his gross income for the first 18 months after he is readmitted to practice, to be applied against the outstanding principal of the tax liability owed from the 1980s, and thereafter 7 percent

of the gross monthly income for the remainder of the time he practices, to be applied to the same tax period. He further states that if the IRS enters into an Offer in Compromise, he will comply with the terms of the Offer.

(31) Petitioner offered into evidence numerous recommendation letters written by practicing attorneys and laypersons. These letters support petitioner's reinstatement to the practice of law.

(32) Petitioner's two adult children testified at the hearing, in addition to submitting letters of recommendation. Petitioner's wife and sister submitted letters of recommendation. These letters set forth the financial difficulties and lack of financial resources the family has experienced during the last eight years.

(33) Petitioner expressed sincere remorse for his misconduct.

(34) If reinstated, petitioner intends to engage in a general practice of law in Philadelphia with his son, who graduated from law school in 2005.

## III. CONCLUSIONS OF LAW

(1) Petitioner has demonstrated through clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(2) Petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by David E. Shapiro. Petitioner was suspended for five years retroactive to July 25, 1989. This is petitioner's fourth petition for reinstatement. Petitioner's last attempt at reinstatement was filed in May of 2000 and denied by the Supreme Court of Pennsylvania in August of 2002. The basis for that denial was petitioner's failure to demonstrate a good faith effort to address his outstanding tax liabilities, which prevented him from meeting his burden of showing he was sufficiently rehabilitated to have the moral qualifications to practice law in Pennsylvania.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume the practice of law until reinstated by the Supreme Court. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

Petitioner presented a substantial amount of evidence by way of his IRS Archive History Transcript, the letters of witnesses, petitioner's Commitment to the Supreme Court and the facts stipulated to by petitioner and Office of Disciplinary Counsel regarding his financial condi-

tion and efforts to compromise with the IRS. This evidence clearly shows that petitioner, despite his poor financial status, has diligently tried to compromise his liability. Petitioner is committed to making regular payments to the IRS if he is reinstated, whether or not he is able to successfully compromise his liability. Through his testimony at the hearing it is clear that petitioner is sincerely remorseful for his past conduct, recognizes the responsibilities and obligations of an attorney admitted to practice in Pennsylvania, and is fully prepared to accept those responsibilities and obligations if reinstated.

The board notes that in a recent matter, a petitioner sought reinstatement after he was suspended for his conviction of three counts of attempting to evade or defeat tax. This petitioner submitted evidence that he made an offer in compromise to the IRS shortly before his reinstatement hearing, but there was no evidence of record that the offer was accepted by the government. Still, the board found that the existence of the offer stood as proof of the petitioner's good faith efforts to repay his debts and obligations. This petitioner was granted reinstatement by the Supreme Court. *In re Weitzman,* 563 Disciplinary Docket no. 3 (Pa. Nov. 17, 2004).

Under the circumstances, petitioner has met his burden of proving by clear and convincing evidence that he is entitled to reinstatement. Petitioner has shown that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania and has shown that his resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the public interest.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, David E. Shapiro, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Brown recused.

Board Members Newman and Nordenberg did not participate in the September 12, 2005 adjudication.

## ORDER

And now, February 27, 2006, upon consideration of the report and recommendations of the Disciplinary Board dated November 7, 2005, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Madam Justice Baldwin did not participate in this matter.